UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAURICE ANTHONY BROWN,<br><br>    Plaintiff,<br>    v.<br><br>GARY ERNSDORFF et al.,<br><br>    Defendants. | CASE NO. 2:23-cv-00902-TL<br><br>ORDER ON MOTIONS TO DISMISS AND AMEND |

This is a *pro se* civil rights action for damages stemming from alleged tort and constitutional violations. This matter is before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 12) and Plaintiff's Motion for Leave to Amend Complaint (Dkt. No. 21). Having reviewed the Parties' briefing and the relevant record, the Court GRANTS Defendants' motion with leave to amend and DENIES Plaintiff's motion.

**I.    BACKGROUND**

On June 12, 2023, Plaintiff Maurice Anthony Brown initiated this *pro se* action. Dkt. No. 1. In his initial complaint, he asserts violations of the Fourth, Sixth, Eighth, and Fourteenth

Amendments to the United States Constitution, as well as a claim of malicious prosecution, against the King County Prosecutor's Office ("KCPO") and prosecutors Rhyan Chelsea Anderson, Alexandra Elizabeth Vorhees, and Gary Ernsdorff. Dkt. No. 5 (complaint) at 2–3. He alleges that the KCPO "failed in the obligations to hire reasonably trained prosecutors." *Id.* at 5. He further alleges that various acts by prosecutors Vorhees, Anderson, and Ernsdorff—apparently during the course of court proceedings—constitute constitutional violations and malicious prosecution. Dkt. No. 5-1 at 1–3. The allegations against individual prosecutors appear to be as follows:

**Elizabeth Vorhees**

- In July–September 2019, shared with newspapers in Kent, Washington, that Plaintiff had a 1993 conviction, although the arrest was expunged. Dkt. No. 5-1 at 1.

- In July–August 2019, used the same 1993 expungement as a known conviction in plea and bond hearings. *Id.*

**Rhyan Chelsea Anderson**

- In September 2020 proceedings, ordered Detective Murphy to write a police report on Plaintiff's counsel "for being mean and scary to" one victim and "bullying and threatening" another victim, despite evidence that counsel was in fact nice and polite. Dkt. No. 5-1 at 1.

- In same proceedings, did not follow court order to make victim available for a defense interview. *Id.* at 2.

- In April–May 2021 proceedings, "informed" court that a letter written by a state witness to Plaintiff about misconduct of Detective Murphy "was not support to be used." *Id.*

- Did not provide withheld recordings of witnesses "JB" and "Ms. Alexander," despite court order to do so. *Id.*

- In retrial, admitted to withholding DUI conviction of victim "EP" in first trial. *Id.* at 3.

- In same retrial, claimed to not know of "EP" having a check fraud warrant, despite phone records suggesting Detective Murphy spoke to "EP" about the DUI conviction and check fraud warrant. *Id.*

**Gary Ernsdorff**

- Ordered Detective Murphy to change phone/arrest dates. Dkt. No. 5-1 at 3.

For these alleged acts, Plaintiff seeks millions in damages. *Id.* at 4–8.

On October 16, 2023, Defendants filed a motion to dismiss the complaint on various grounds, including prosecutorial immunity. Dkt. No. 12; *see also* Dkt. No. 16 (reply). Plaintiff opposes the motion. Dkt. No. 14.

While that motion was pending, on January 16, 2024, Plaintiff filed a motion for leave to file an amended complaint. Dkt. No. 21. In his proposed amended complaint, Plaintiff adds claims under the Fifth, Eleventh, and Thirteenth Amendments to the United States Constitution, as well as violations of "FOIA" (Freedom of Information Act) and "RICO" (Racketeer Influenced and Corrupt Organizations Act). Dkt. No. 21-1 at 3. Plaintiff appears to remove the KCPO as a defendant. *Id.* at 3–4. Plaintiff also alleges that the named prosecutors "stopped at nothing to win a conviction," stating that "evidence was hidden, reports altered, counsel threatened, files missing." *Id.* at 5. Defendants oppose the motion. Dkt. No. 22. To date, Plaintiff has not filed a reply.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, the Court takes all well-pleaded factual allegations as true and considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672. "When reviewing a dismissal pursuant to Rule . . . 12(b)(6), 'we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

A *pro se* complaint must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *E.g.*, *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Even so, a court should "not supply essential elements of the claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quotation marks omitted) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

"[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (internal citations omitted). Still, "[a] district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)) (district court

erred by failing to explain deficiencies of a *pro se* prisoner civil rights complaint and dismissing without leave to amend).

**B.      Motion to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." This is a liberal standard, and a court should decline to grant leave to amend only if there is strong evidence of undue delay, bad faith, prejudice to the opposing party, or futility. *See, e.g.*, *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (internal quotation marks omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III.    DISCUSSION

**A.      Motion to Dismiss**

Defendants primarily argue that each Defendant is entitled to absolute prosecutorial immunity, which merits dismissal of the complaint and denial of leave to amend. *See* Dkt. No. 12 at 8–10; Dkt. No. 16 at 3; Dkt. No. 22 at 4. Defendants also argue that Plaintiff has not alleged all the elements of his claim for malicious prosecution (*see* Dkt. No. 12 at 7–8) or his proposed FOIA claim (*see* Dkt. No. 22 at 4–5).

**1.      Prosecutorial Immunity**

"Prosecutors performing their official prosecutorial functions are entitled to absolute immunity from constitutional torts." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012). This immunity applies "even if the acts in question were committed in bad faith." *Patterson v. Van Arsdel*, 883 F.3d 826, 829–30 (9th Cir. 2018). "The Supreme Court has held that this rule follows for the same reason that prosecutors were given immunity at common law—without it, resentful defendants would bring retaliatory lawsuits against their prosecutors, and because a prosecutor 'inevitably makes many decisions that could engender colorable claims of

ORDER ON MOTIONS TO
DISMISS AND AMEND - 5

constitutional deprivation[, d]efending these decisions, often years after they were made, could impose unique and intolerable burdens upon a prosecutor.'" *Lacey*, 693 F.3d at 912 (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009)). "Without the promise of immunity from suit, a prosecutor would be distracted from his duties and timid in pursuing prosecutions rather than exercising the independent judgment and discretion that his office requires." *Id.* "Moreover, 'the judicial process is available as a check on prosecutorial actions,' and it reduces the need for private suits for damages to keep prosecutors in line." *Id.* (quoting *Burns v. Reed*, 500 U.S. 478, 492 (1991)).

Courts take a "functional approach" when determining whether a given action is protected: they "distinguish between acts of advocacy, which are entitled to absolute immunity, and administrative and 'police-type' investigate acts which are not." *Patterson*, 883 F.3d at 830. "To qualify as advocacy, an act must be 'intimately associated with the judicial phase of the criminal process.'" *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Immunity does not apply, for example, "when the prosecutor gives advice to police during a criminal investigation [or] when the prosecutor makes statements to the press." *Van de Kamp*, 555 U.S. at 343 (citing *Burns*, 500 U.S. at 496; then citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 277 (1993)).

Here, most of Plaintiff's allegations amount to acts of advocacy for which Defendants are entitled to absolute immunity. On Plaintiff's own terms, many of the alleged acts took place in court or in direct relation to a court order. These include Vorhees's alleged arguments in bail and plea hearings (Dkt. No. 5-1 at 1) and Anderson's alleged statements in court and failures to follow court orders (*id.* at 2). These acts are "intimately associated with the judicial phase of the criminal process" and are thus entitled to absolute immunity. *Imbler*, 424 U.S. at 430.

However, some of Plaintiff's allegations may constitute administrative or police-type investigative acts for which Defendants are not entitled to absolute immunity. For example,

Plaintiff alleges that Vorhees made inaccurate statements to the press about a prior conviction (*see* Dkt. No. 5-1 at 1), and there is no absolute immunity for out-of-court statements to the media. *See Buckley*, 509 U.S. at 276–78 (no immunity for announcement of indictment). In another example, Plaintiff alleges that Anderson ordered Detective Murphy to write a police report on Plaintiff's counsel. Dkt. No. 5-1 at 3. While the full circumstances of this allegation are unclear, it may be a police-type investigative act for which there is not absolute immunity. *See Burns*, 500 U.S. at 492–96 (no immunity for legal advice to police).

Still, Plaintiff's factual allegations are so thin and confused as to make it quite difficult for the Court to understand them and how they relate to Plaintiff's asserted legal claims. For example, Plaintiff does not articulate in his complaint how Vorhees's statements to the media relate to any of his constitutional claims. In his opposition, Plaintiff briefly discusses Anderson's order of a police report on his counsel in relation to his Sixth Amendment right to counsel (*see* Dkt. No. 14 at 3) but the complaint does not explain the relationship between his factual and legal claims. While *pro se* pleadings must be liberally construed, the Court will not supply essential elements of a claim.

Therefore, as to Plaintiff's constitutional claims, Defendants' motion to dismiss is GRANTED. However, Plaintiff may amend his complaint.

**2. Malicious Prosecution**

Plaintiff also asserts a claim for "malicious prosecutorial misconduct."[1] Dkt. No. 5 at 3. Defendants argue that Plaintiff has not alleged every element of a malicious prosecution claim. *See*

---

[1] Plaintiff appears to cite RCW 4.24.350(1) in support of his claim. Dkt. No. 5 at 1. However, that statute creates a cause of action for malicious prosecution "where a *civil* suit has been wrongfully initiated" and is thus not applicable here. *Clark v. Baines*, 150 Wn.2d 905, 911, 84 P.3d 245 (2004).

ORDER ON MOTIONS TO
DISMISS AND AMEND - 7

Dkt. No. 12 at 7–8. Plaintiff does not address this argument in his response. *See* Dkt. No. 14. Plaintiff also does not include this claim in his proposed amended complaint. *See* Dkt. No. 21-1 at 3.

As an initial matter, the Court construes Plaintiff's silence in opposition "as an admission that the motion has merit." LCR 7(b)(2). Moreover, "because the decision to initiate, pursue, or drop charges falls squarely within the scope of a prosecutor's duties, absolute immunity protects [Defendants] from liability for such actions." *McCoy v. City of Sumas*, 18 Wn. App. 2d 1026, 2021 WL 3030085, at *4 (2021) (granting immunity from malicious prosecution claim); *accord Tanner v. City of Fed. Way*, 100 Wn. App. 1, 4, 997 P.2d 932 (2000) ("It is well established that a prosecutor who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution is absolutely immune from liability." (citing *Imbler*, 424 U.S. at 427)).

To the extent that Defendants may not be protected by prosecutorial immunity, Plaintiff has not alleged the necessary elements of his claim. To maintain an action for malicious prosecution under Washington law, a plaintiff must allege and prove all five elements: "(1) the prosecution was instituted or continued by the defendant, (2) there was want of probable cause for the institution or continuation of the proceeding, (3) the proceeding was instituted or continued through malice, (4) the proceeding was terminated on the merits in favor of the plaintiff or was abandoned, and (5) plaintiff suffered injury as a result of the prosecution." *Youker v. Douglas Cnty.*, 162 Wn. App. 448, 461, 258 P.3d 60 (2011) (citing *Bender v. City of Seattle*, 99 Wn.2d 582, 593, 664 P.2d 492 (1983)).

At minimum, Plaintiff does not plausibly allege that probable cause was lacking when his prosecution began or that the proceeding was terminated on the merits in his favor. *Youker*, 162 Wn. App. at 461. Indeed, Plaintiff makes no allegations whatsoever regarding the initiation of his prosecution, and he does not clearly identify and describe the different proceedings that appear to have occurred. Moreover, Defendants proffer information in their motion and supplemental

declarations, including a finding of probable cause and a judgment of conviction. *See* Dkt. No. 12 at 2–3; Dkt. No. 13 (declarations). This information, as well as Plaintiff's failure to respond to Defendants' argument, strongly indicate that amendment would be futile.

Therefore, as to Plaintiff's claim for malicious prosecution, Defendants' motion is GRANTED without leave to amend.

**B.   Motion to Amend**

Plaintiff also moves to amend his complaint. *See* Dkt. No. 21. However, Plaintiff's proposed amended complaint is devoid of factual allegations. *See* Dkt. No. 21-1.[2] This manner of amendment would be futile, as the proposed complaint would not survive a motion to dismiss.

Therefore, Plaintiff's motion to amend is DENIED. However, as noted above, Plaintiff will be given another opportunity to amend his Complaint.

### IV.   CONCLUSION

Accordingly, it is hereby ORDERED:

(1)   Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 12) is GRANTED with leave to amend the constitutional claims. Should Plaintiff choose to amend, Plaintiff SHALL file the amended complaint **by March 15, 2024**.

(2)   Plaintiff's Motion for Leave to Amend Complaint (Dkt. No. 21) is DENIED.

Dated this 9th day of February 2024.

Tana Lin
United States District Judge

---

[2] As Defendants correctly point out, Plaintiff has also not complied with LCR 15, which requires a party seeking to amend a pleading to "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking the text to be deleted and underlining or highlighting the text to be added."